FILED
CLERK, U.S. DISTRICT COURT
7/03/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:25-cr-00555-SPG |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 2422(b): Attempted Enticement of a Minor to Engage in Criminal Sexual Activity; 18 U.S.C. § 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. § 2252A(a)(2)(A), (b)(1): Receipt of Child Pornography; 18 U.S.C. § 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253 and 18 U.S.C. § 2428: Criminal Forfeiture] |
| SAMUEL LAFOND,   aka "nick,"   aka "S L," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 2422(b)]

Beginning on or about November 30, 2023, and continuing to on or about December 5, 2023, in Santa Barbara and Ventura Counties, within the Central District of California, and elsewhere, defendant SAMUEL LAFOND, also known as "nick" and "S L," used a facility and means of interstate and foreign commerce, namely, the Internet and cellular service, to knowingly attempt to persuade, induce, and entice a

person whom defendant LAFOND believed to be a 14-year-old girl (the "Minor"), to engage in sexual activity for which a person can be charged with a criminal offense, namely, Lewd and Lascivious Acts with a Minor Child of 14 or 15 Years with a 10-Year Age Difference, in violation of California Penal Code Section 288(c)(1).

On or about the following dates, in attempting to commit this offense, defendant LAFOND did something that was a substantial step toward committing the offense, including the following acts, among others:

1. On November 30, 2023, defendant LAFOND, via ChatIB, messaged the Minor "Yeah Im cool with that" in response to the Minor messaging "U coo im 14."

2. On November 30, 2023, defendant LAFOND, via ChatIB, messaged the Minor "Sounds like you need an older guy."

3. On November 30, 2023, defendant LAFOND, via ChatIB, messaged the Minor "Where should I pick you up.  And when?"

4. On December 1, 2023, defendant LAFOND, via telephone, texted the Minor "I can rub, lick, try and finger.  I'm great with my tongue hehe", "That's the plan for today.  Is hanging out with you.", and "I'll lick you for a long time hehe."

5. On December 1, 2023, defendant LAFOND, via telephone, texted the Minor "And just you wait till you see what's in my pants hehe", "There's a thick 8 inches waiting for you", and "Of dick.  Just for you"

6. On December 4, 2023, defendant LAFOND, via telephone, texted the Minor "Do you prefer hair, trimmed, or shaved for a dick.  Hehe" and "I'll do what I normally do then.  I shave my dick and balls.  And trim around it."

2

7.  On December 5, 2023, defendant LAFOND drove to the Conejo Valley Botanic Garden in Thousand Oaks, California, to meet the Minor.

COUNT TWO

[18 U.S.C. § 2252A(a)(2)(A), (b)(1)]

On or about November 26, 2023, in Santa Barbara County, within the Central District of California, and elsewhere, defendant SAMUEL LAFOND, also known as "nick" and "S L," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, the Internet, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, knowing that the files were child pornography.

The child pornography that defendant LAFOND distributed consisted of files titled:

- video6.mp4
- 1_4918335439137407306.mp4
- 3sum.mp4
- 4_5909059552510215978 (1).mp4
- 21112013350.mp4
- 2023-08-12 23.56.53.mp4
- Pain.mp4
- IMG_1112.MOV
- IMG_1089.MP4
- IMG_1120.MP4
- IMG_1118.MP4
- IMG_1121.MP4

COUNT THREE

[18 U.S.C. § 2252A(a)(2)(A), (b)(1)]

On or about November 2, 2023, in Santa Barbara County, within the Central District of California, and elsewhere, defendant SAMUEL LAFOND, also known as "nick" and "S L," knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, the Internet, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, knowing that the files were child pornography.

The child pornography that defendant LAFOND received consisted of files titled:

- telegram-cloud-photo-size-1-5053126575792434738-y
- telegram-cloud-document-4-5915953194063630576
- 1697785868136.mp4
- 124c99213e327b46e0e0e3b3ad48cd4f.mp4
- - ! In den Mund-3      (1)2 2.mp4
- 0b9d7eeb14d006d0a1856e59174c71a7
- IMG_5299.MP4

## COUNT FOUR

[18 U.S.C. § 2252A(a)(5)(B), (b)(2)]

On or about December 5, 2023, in Ventura County, within the Central District of California, and elsewhere, defendant SAMUEL LAFOND, also known as "nick" and "S L," knowingly possessed a red iPhone 12 mini that contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one image of which involved a prepubescent minor and a minor who had not obtained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant LAFOND possessed on his red iPhone 12 mini consisted of files titled:

- _pthc__NEW_2016_Pedo_Childlover_8yo_Daddy's_Little_Girl_JM_09.mp4
- _Pthc__Tara_Girl-Real_orgasm!!!_mpeg4.mp4
- greysty.php__5_.gif
- 0b2836dfe06f21127f03b3473d4d83d2.jpg
- video-01dbdc277753117724abc879a343da7b-V.mp4

COUNT FIVE

[18 U.S.C. § 2252A(a)(5)(B), (b)(2)]

On or about December 5, 2023, in Ventura County, within the Central District of California, and elsewhere, defendant SAMUEL LAFOND, also known as "nick" and "S L," knowingly possessed a blue iPhone 12 that contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one image of which involved a prepubescent minor and a minor who had not obtained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant LAFOND possessed on the blue iPhone 12 consisted of files titled:

- ! new ! (pthc) 2007 tara 8yr - tara gets pissed on piss - co_pia (2).wmv
- IMG_1927.mp4
- _266_.mp4
- 2f403ac194520429a910bde0e12378c3.gif
- IMG_4237.mp4

COUNT SIX

[18 U.S.C. § 2252A(a)(5)(B), (b)(2)]

On or about December 6, 2023, in Santa Barbara County, within the Central District of California, and elsewhere, defendant SAMUEL LAFOND, also known as "nick" and "S L," knowingly possessed an Apple MacBook A1502 and SanDisk Ultra USB 3.0 Drive that contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one image of which involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant LAFOND possessed on his Apple MacBook A1502 and SanDisk Ultra USB 3.0 Drive consisted of files titled:

- (pthc) NEW 2016 Pedo Childlover 8yo Daddy's Little Girl JM 09.mp4
- (Pthc) Tara Girl-Real orgasm!!!_mpeg4.mp4
- - LEG-LIFT_FK (2) (1) (1).mpg.mp4
- giving dad a bj.mp4
- Girl Masturbation with things.mp4
- schollgirls nude.mov
- lil friends having good time .mp4
- NUEVO CP 25.3gp.mp4
- -     LEG-LIFT_FK (2) (1) (1).mpg.mp4
- ! NEW ! 2 (2).mp4

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2428]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428, in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)  All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of any such offense, including but not limited to:

(i)  One red iPhone 12 mini; and

(ii)  One blue iPhone 12.

(b)  All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from any such offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts Two through Six of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense, including but not limited to:

(i) One red iPhone 12 mini;

(ii) One blue iPhone 12;

(iii) One Apple MacBook laptop computer A1502; and

(iv) One SanDisk Ultra 3.0 USB drive.

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense.

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property

described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

*Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent & Organized Crime Section

DEREK R. FLORES
Assistant United States Attorney
Violent & Organized Crime Section